IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLYNN BOLDEN, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-345 |
| APACHE CORPORATION AND BELL HELICOPTER TEXTRON, INC., | § § § § | |
| Defendants. | § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING DOCKET CONTROL DEADLINES

Glynn Bolden ("Plaintiff") sued Defendants Apache Corporation and Bell Helicopter Textron, Inc. (collectively, "Defendants") for injuries caused by a helicopter crash on January 28, 2004. Plaintiff's original Complaint stated that this Court had subject matter jurisdiction of the case because it concerned questions of federal law, namely the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333 ("OCSLA"). *See* 28 U.S.C. § 1331. Defendant Bell Helicopter Textron, Inc. ("Bell") moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff's admissions and other evidence show that the crash did not occur on an OCSLA situs.

In arguable response, Plaintiff filed a Motion for Leave to File Second Amended Complaint. The proposed Second Amended Complaint omits OCSLA as a basis for subject matter jurisdiction but asserts that diversity jurisdiction exists. *See* 28 U.S.C. 1332(a). Trial has long been set in this case for June 6, 2005, but given legitimate concerns regarding both jurisdiction and venue, that tiral

1

setting and all current docket control deadlines are hereby **VACATED**. Rather, in accordance with Fed. R. Civ. P. 15, which states that leave to amend should be "freely given when justice so requires," the Court hereby **GRANTS** Plaintiff's Motion for Leave to File.

Additionally, the Court grants Bell 30 days in which to amend its Motion to Dismiss, should it so desire, to reflect the new jurisdictional facts of the case. If Bell chooses to amend its Motion, it may also include any venue concerns. Alternatively, Bell should notify the Court within those 30 days if it prefers to withdraw the Motion or to let it stand as filed. Response will be due twenty (20) days thereafter. The Court will then rule on that motion or motions as soon as possible.

Contingent to the Court's ruling thereupon, this case is hereby set for a supplemental Rule 16 conference for 10:00 a.m., August 3, 2005.

**IT IS SO ORDERED**.

**DONE** this 19th day of April, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge